# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNEY RAMEY,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>GAIL LEWIS,<br><br>　　　　Respondent. | 1:98-CV-06047 OWW SMS HC<br>Appeal No. 10-15568<br><br>ORDER DECLINING ISSUANCE OF<br>CERTIFICATE OF APPEALABILITY<br><br>ORDER DIRECTING CLERK OF COURT<br>TO SERVE COPY OF ORDER ON NINTH<br>CIRCUIT COURT OF APPEALS |

On September 4, 2003, the undersigned issued an order dismissing Petitioner's federal habeas petition as untimely under 28 U.S.C. § 2244(d) and denying a certificate of appealability. Judgment was entered the next day and Petitioner appealed to the Ninth Circuit. On September 6, 2006, the Ninth Circuit affirmed the decision of this Court.

Three years later, on July 7, 2009, Petitioner filed a motion for rehearing in the Ninth Circuit. The motion was denied as untimely. On July 22, 2009, Petitioner filed a motion for reconsideration of this Court's order dismissing the petition. That motion also was denied as untimely.

On February 10, 2010, Petitioner filed a pleading in this Court in which Petitioner again requested relief from judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. Petitioner was informed that his request had already been considered and his motion was denied. Petitioner filed a notice of appeal on February 18, 2010. On May 26, 2010, the Ninth Circuit issued the instant order remanding the matter to this Court to issue or decline to issue a certificate of

appealability.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>         (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>         (B) the final order in a proceeding under section 2255.
>
>     (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>     (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner's motion for reconsideration is untimely and his arguments were already considered in a previous motion for reconsideration as well as the

1  final order dismissing the petition. Accordingly, the Court hereby DECLINES to issue a certificate
2  of appealability. The Clerk of Court is DIRECTED to serve a copy of this Order on the Ninth Circuit
3  Court of Appeals.
4  IT IS SO ORDERED.
5  Dated:   June 2, 2010                        /s/ Oliver W. Wanger
                                           UNITED STATES DISTRICT JUDGE