UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHNNEY RAMEY, | ) | 1:98-CV-06047 OWW SMS HC |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER DENYING MOTION |
| v. | ) | |
| | ) | [Doc. #103] |
| GAIL LEWIS, | ) | |
| | ) | |
| Respondent. | ) | |

On September 4, 2003, the undersigned issued an order dismissing Petitioner's federal habeas petition as untimely under 28 U.S.C. § 2244(d). Judgment was entered the next day and Petitioner appealed to the Ninth Circuit. On September 6, 2006, the Ninth Circuit affirmed the decision of this Court.

Three years later, on July 7, 2009, Petitioner filed a motion for rehearing in the Ninth Circuit. The motion was denied as untimely. On July 22, 2009, Petitioner filed a motion for reconsideration of this Court's order dismissing the petition. That motion also was denied as untimely.

On February 10, 2010, Petitioner filed a pleading in this Court in which Petitioner again requested relief from judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. Petitioner was informed that his request had already been considered and his motion was denied.

Petitioner filed a notice of appeal on February 18, 2010. On May 26, 2010, the Ninth Circuit issued an order remanding the matter to this Court to issue or decline to issue a certificate of

1  appealability. The Court declined to issue a certificate of appealability on June 2, 2010.

2       On July 26, 2010, Petitioner filed the instant motion entitled: "Writ of mandate, mandamus,
3  error coram nobis, under Federal Rule of 60(b)(6), in the denial of appeal in answering a
4  constitutional, statutory and precendent [sic] case law standard under Jiminez v. Quarterman (2009)
5  129 S.CT. 681, 685; declaratory relief." It appears Petitioner seeks reconsideration of an order
6  denying an appeal. Petitioner's arguments are completely without merit.

7       First, Petitioner contends that the undersigned lacks jurisdiction to render a decision because
8  the case was reassigned on remand to Judge "J. Vasquez." Petitioner is mistaken. This case was and
9  is still assigned to the undersigned. When the Ninth Circuit remanded the matter to this Court for the
10 limited purpose of granting or denying a certificate of appealability, the Clerk's Office reassigned the
11 matter to Magistrate Judge Sandra M. Snyder because Magistrate Judge Hollis G. Best had passed
12 away since this case had last been active. Nevertheless, the undersigned was the assigned district
13 judge then, and is still the assigned district judge. Petitioner apparently confused the signature of a
14 court clerk who docketed the minute order as a new judge assigned to the case.

15      Second, Petitioner contends his time to appeal has been reset. This also is incorrect. As
16 previously stated, the Ninth Circuit denied Petitioner's appeal on September 6, 2006. The remand of
17 May 26, 2010, was solely for the purpose of granting or denying a certificate of appealability with
18 respect to an order denying a motion for reconsideration. This remand did not reset any deadlines for
19 filing an appeal. As this Court has stated repeatedly, this case is closed. Petitioner's repeated
20 attempts to relitigate his case have become abusive of the court process. Accordingly, any further
21 filings in this case will be STRICKEN.

22 IT IS SO ORDERED.

23 **Dated:   August 6, 2010**　　　　　　　　　　　 **/s/ Oliver W. Wanger**
　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE